## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **Civil Action No. 3:25-cv-00329** |
| | § | |
| **NABIL ALAME,** | § | |
| | § | |
| **Defendant.** | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

Plaintiff Jane Doe[1] ("Doe" or "Plaintiff") files this Original Complaint against Defendant Nabil Alame ("Alame" or "Defendant") on personal knowledge as to all facts regarding herself and on information and belief as to all other matters, as follows:

### I.

### PRELIMINARY STATEMENT

In today's digital age, it has become all too easy for individuals to weaponize private and intimate information to inflict harm on others.  This case exemplifies such a violation.  Defendant Nabil Alame betrayed the trust of Plaintiff Jane Doe by unlawfully disseminating private, sexually explicit images and videos of her without her consent.  His actions, motivated by malice and disregard for Plaintiff's rights, caused severe emotional and psychological harm.

Contrary to Defendant's assurances, he shared intimate recordings he created during their relationship with third parties, violating Jane Doe's privacy and exacerbating her lifelong struggle

---

[1] Plaintiff files this complaint under the pseudonym "Jane Doe" pursuant to 15 U.S.C. § 6851(b)(3)(B).  Plaintiff's real name will be disclosed in a forthcoming Affidavit of Jane Doe, which will be filed under seal.

with depression. Defendant was fully aware of Jane Doe's mental health vulnerabilities, yet he chose to exploit her further, leading to profound emotional distress. The malicious dissemination of these recordings has caused Jane Doe to suffer recurring nightmares, flashbacks, and severe anxiety, forcing her to discontinue therapy due to the trauma of revisiting these experiences.

The malicious dissemination of private images, often referred to as "revenge porn," constitutes a profound breach of privacy with devastating consequences for its victims. Recent statistics underscore the prevalence and impact of revenge porn. One study found that 1 in 12 adult social media users have been victimized by the unauthorized distribution of private sexually explicit images or videos.[2] These violations result in significant emotional distress, depression, suicidal ideation, and social isolation.[3] Victims are often targeted by online harassment, stalking, and threats, and many experience job loss or damage to their professional reputation.[4] Jane Doe's experience underscores the need for accountability and justice to prevent further harm and to address the extensive emotional and psychological toll she continues to endure.

As a direct result of Defendant's egregious conduct, Jane Doe has suffered significant harm, including ongoing emotional distress, anxiety, and humiliation. She now faces the reality that her most intimate moments have been shared with third parties without her consent. This lawsuit seeks to hold Defendant accountable for his unlawful actions, to prevent any further harm,

---

[2] Asia E. Eaton, Holly Jacobs, & Yanet Ruvalcaba, 2017 Nationwide Online Study of Nonconsensual Porn Victimization and Perpetration: A Summary Report, Cyber Civil Rights Initiative 11 (2017), *available at* https://cybercivilrights.org/wp-content/uploads/2017/06/CCRI-2017-Research-Report.pdf.

[3] National Association of Attorneys General, An Update on the Legal Landscape of Revenge Porn (2021), *available at* https://www.naag.org/attorney-general-journal/an-update-on-the-legal-landscape-of-revenge-porn/.

[4] *Id.*

and to obtain compensation for the extensive damages that Plaintiff has suffered and continues to endure.

## II.

## PARTIES

### A.  Plaintiff

1.  Plaintiff Jane Doe is a citizen and resident of the State of Texas.

### B.  Defendant

2.  Defendant Nabil Alame is a Texas citizen and resides in Dallas County, Texas. Alame may be served at his residence at 1700 Cedar Springs Road, Apt. 1711, Dallas, Texas 75201 or wherever he may be found.

## III.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this civil action presents a federal question as Plaintiff presents a civil claim arising under the Constitution, laws, or treaties of the United States.

4.  This Court has supplemental jurisdiction over all other claims that are so related to the claims in this action within such original subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367(a).

5.  This Court has personal jurisdiction over Defendant Nabil Alame because he is a domiciliary and resident of the State of Texas.

6.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant Nabil Alame resides, or may be found, in this District.

# IV.

## FACTUAL BACKGROUND

**A.  Jane Doe and Defendant's Romantic Relationship**

7.     Plaintiff Jane Doe began working as a waitress at a restaurant in Tulsa, Oklahoma, known as "The GOAT."

8.     During her employment at The GOAT, Jane Doe entered into a romantic relationship with one of the restaurant's managers and co-owners, Defendant Nabil Alame.

9.     Defendant created sexually explicit images and videos of Jane Doe during their relationship. All such recordings were taken by Defendant, with Jane Doe's knowledge or consent at the time. However, Jane Doe was often intoxicated or under the influence of drugs and did not fully comprehend the implications of these recordings.

10.     On one occasion, Defendant asked Jane Doe if he could record her while she was intoxicated and under the influence of drugs. She agreed to the recording but was unaware that Defendant would force her to engage in a degrading act by consuming his urine. Defendant recorded this incident.

11.     Jane Doe specifically requested that Defendant delete all intimate images and videos of her. Defendant assured her that he had complied with this request.

**B.  Defendant's Nonconsensual Distribution of Intimate Images and Videos**

12.     The Tulsa Police Department later confiscated and examined Defendant's smartphone as part of an investigation.  Their findings revealed that Defendant had disseminated multiple sexually explicit images and videos of Jane Doe to third parties without her consent.

13.     In July 2024, the Tulsa Police informed Jane Doe about these unlawful disclosures of the intimate visual depictions of Jane Doe in the following text messages:



14.    The unauthorized disclosures occurred on multiple dates, including but not limited to November 21, 2022; December 3, 2022; January 16, 2023; February 22, 2024; and February 26, 2024. Disclosures prior to February 16, 2024, occurred while Defendant was residing in Oklahoma. Disclosures on and after February 16, 2024, occurred after Defendant moved to Texas.

15.    Jane Doe never consented to the disclosure of any sexually explicit images or videos of her to any third parties.

**C.  Defendant's Move to Texas and Continued Misconduct**

16.    On February 8, 2024, Jane Doe relocated to Dallas, Texas, where she began working as a waitress at the Dallas location of The GOAT.

17.    Shortly thereafter, on or about February 16, 2024, Defendant also moved to Dallas, Texas, and commenced employment as a manager at The GOAT's Dallas location.  Defendant's February 22, 2024 and February 26, 2024 disclosures of Jane Doe's intimate visual depictions occurred while he resided in Texas.

**D.  The Harm Inflicted on Jane Doe**

18.    As a direct result of Defendant's actions, Jane Doe has suffered severe emotional distress, including recurring nightmares, episodes of crying, and an overarching fear that individuals she encounters may have seen her private images or videos.

19.    Jane Doe has struggled with depression for much of her life, and Defendant was aware of her mental health challenges.  His actions have exacerbated her depression and caused profound anxiety and humiliation.

20.    Jane Doe has spoken to two therapists about the emotional distress caused by Defendant's conduct, but she had to stop attending therapy sessions because discussing the events triggered flashbacks, anxiety, and nightmares.  These experiences have left her in a state of heightened emotional distress, making it difficult for her to function in daily life.

21.    Jane Doe's privacy has been profoundly invaded, causing her to experience constant apprehension that Defendant may further exploit her intimate images and videos or take additional steps to undermine her personal and professional life.

22.    The emotional harm inflicted upon Jane Doe is ongoing and irreparable, necessitating immediate and comprehensive legal remedies.

# V.

# CLAIMS

## A.  Count One: Nonconsensual Disclosure of an Intimate Visual Depiction (15 U.S.C. § 6851)

23.    Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

24.    Defendant disclosed one or more intimate visual depictions of Jane Doe to a third person.

25.    The intimate visual depictions of Jane Doe depicts Jane Doe with Jane Doe's intimate parts exposed or engaged in sexual conduct.

26.    Defendant's disclosure or disclosures was made in a manner affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce.

27.    Defendant made the disclosure or disclosures without Jane Doe's consent.

28.    Defendant made the disclosure or disclosures where such disclosure was made by a Defendant who knew that, or recklessly disregarded whether, Jane Doe has not consented to such disclosure.

29.    Defendant's disclosure or disclosures violated 15 U.S.C. § 6851.

30.    Jane Doe has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable, including but not limited to mental anguish and emotional distress.

31.    In the alternative and at her election, Jane Doe is entitled to seek liquidated damages for each disclosure by Defendant of an intimate visual depiction of Jane Doe in an amount of $150,000 per disclosure, pursuant to 15 U.S.C. § 6851(b)(3)(A)(i).

32.    Defendant's unlawful conduct was wanton, willful, and malicious, warranting the imposition of exemplary damages in an amount to be determined by the trier of fact.

33.     Jane Doe has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts.  Accordingly, Jane Doe seeks a temporary restraining order, preliminary injunction, and a permanent injunction pursuant to 15 U.S.C. § 6851(b)(3)(A)(ii) to prohibit further display or distribution of intimate visual depictions of Jane Doe.

34.     Jane Doe is entitled to recover from the Defendant the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, pursuant to 15 U.S.C. § 6851(b)(3)(A)(i).

**B.  Count Two: Unlawful Disclosure of Intimate Visual Material (TEX. CIV. PRAC. & REM. CODE § 98B.001, et seq.)**

35.     Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

36.     Defendant disclosed intimate visual material of Jane Doe to a third person on one or more occasions.

37.     The intimate visual material of Jane Doe depicts Jane Doe with Jane Doe's intimate parts exposed or engaged in sexual conduct.

38.     The disclosure or disclosures of the intimate visual material of Jane Doe reveals the identity of Jane Doe.

39.     Defendant made the disclosure or disclosures of the intimate visual material of Jane Doe without Jane Doe's effective consent.

40.     Defendant made the disclosure or disclosures with the intent to harm Jane Doe.

41.     At the time of the disclosure or disclosures, Defendant knew or had reason to believe that the intimate visual material was obtained by Defendant or created under circumstances in which Jane Doe had a reasonable expectation that the material would remain private.

42.     Defendant's disclosure or disclosures of the intimate visual material of Jane Doe directly and proximately caused injury to Jane Doe, which resulted in damages, including, but not limited to, damages for mental anguish, in an amount to be determined by the trier of fact.

43.     Defendant's unlawful conduct was wanton, willful, and malicious, warranting the imposition of exemplary damages in an amount to be determined by the trier of fact.

44.     Defendant's unlawful conduct has caused and will continue to cause Jane Doe irreparable injuries for which there is no adequate legal remedy.  Accordingly, Jane Doe seeks a temporary restraining order, preliminary injunction, and a permanent injunction pursuant to pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 98B.004 to prohibit further display or distribution of intimate visual material of Jane Doe.

45.     Pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 98B.003, Jane Doe is entitled to costs of this lawsuit and reasonable attorney's fees.

## C.  Count Three: Invasion of Privacy

46.     Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

47.     Plaintiff Jane Doe is a person.

48.     Defendant took wrongful actions that invaded Jane Doe's privacy.  This includes, but is not limited to, sharing an intimate visual depiction of Jane Doe with a third party without Jane Doe's consent on one or more occasions.

49.     Defendant's actions constituted intentional intrusion upon Jane Doe's solitude, seclusion, or private affairs.

50.     Defendant's intentional intrusion upon Jane Doe's solitude, seclusion, or private affairs would be highly offensive to a reasonable person.

51.     Defendant's actions were unwarranted, unwanted, and without justification.

52.     Defendant's unlawful conduct directly and proximately caused injury to Jane Doe, which resulted in damages in an amount within the jurisdiction of this Court to be determined by the trier of fact.

53.     Defendant's unlawful conduct was wanton, willful, and malicious, warranting the imposition of exemplary damages in an amount to be determined by the trier of fact.

54.     Defendant's unlawful conduct has caused and will continue to cause Jane Doe irreparable injuries for which there is no adequate legal remedy.  Accordingly, Jane Doe is entitled to a temporary restraining order, a preliminary injunction, and a permanent injunction.

## VI.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands that judgment be entered against Defendant as follows:

a.  An ex parte Temporary Restraining Order prohibiting Defendant from directly or indirectly disclosing any sexually explicit images or videos depicting Jane Doe; continuing to display or disclose any sexually explicit images or videos of Jane Doe; destroying any evidence proving any prior disclosure; and disclosing Jane Doe's identity to anyone without permission from the Court;

b.  A Preliminary Injunction prohibiting Defendant from directly or indirectly disclosing any sexually explicit images or videos depicting Jane Doe; continuing to display or disclose any sexually explicit images or videos of Jane Doe; destroying any evidence proving any prior disclosure; and disclosing Jane Doe's identity to anyone without permission from the Court;

c.  Full permanent injunctive relief prohibiting Defendant from directly or indirectly disclosing any sexually explicit images or videos depicting Jane Doe; continuing to

display or disclose any sexually explicit images or videos of Jane Doe; and disclosing Jane Doe's identity to anyone without permission from the Court;

d.   Actual damages, including but not limited to:

   i.   Past and future pain and suffering;

   ii.   Past and future mental anguish;

   iii.   Past and future medical and psychological expenses;

   iv.   Loss of past earning capacity;

   v.   Loss of future earning capacity; and

   vi.   Past and future injury to reputation;

e.   Pursuant to 15 U.S.C. § 6851(b)(3)(A)(i), that upon Jane Doe's election, Defendant be required to pay liquidated damages up to $150,000 for each display or disclosure of an intimate visual depiction of Jane Doe;

f.   Exemplary damages in an amount to be determined by the trier of fact;

g.   Prejudgment and post-judgment interest at the highest rate(s) allowed by law;

h.   Reasonable attorney's fees in prosecuting her claims through trial and, if necessary, through appeal;

i.   Costs of court; and

j.   Such other further relief which this Court may deem just and proper.

Respectfully submitted,

**HUTCHERSON LAW PLLC**

<u>/s/ Kenton J. Hutcherson</u>
Kenton J. Hutcherson, Esq.
Texas State Bar No. 24050798
Hutcherson Law PLLC
3400 Oak Grove Avenue, Suite 350
Dallas, Texas 75204
Tel: (214) 443-4200
Fax: (214) 443-4210
Email: kjh@hutchersonlaw.com

**ATTORNEY FOR PLAINTIFF**