IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-cv-00329-B |
| | § | |
| NABIL ALAME, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Jane Doe, by and through her undersigned counsel, respectfully moves this Court for leave to proceed under the pseudonym "Jane Doe" in this action pursuant to 15 U.S.C. § 6851 and applicable case law. In support of this Motion, Plaintiff states as follows:

I.

PRELIMINARY STATEMENT

This case arises from a deeply invasive and unlawful act of "revenge porn" perpetrated by Defendant Nabil Alame. Without the knowledge or consent of the Plaintiff, Jane Doe, Defendant disclosed sexually explicit images and videos of her to third parties, causing significant emotional distress. Plaintiff brings this action pursuant to 15 U.S.C. § 6851, which provides federal protections against nonconsensual disclosure of intimate visual depictions. This federal statute also contemplates and allows victims of revenge porn to file under a pseudonym. Given the sensitive nature of the materials involved and the significant harm Plaintiff has already suffered, Plaintiff seeks to proceed under a pseudonym to protect her privacy and prevent further emotional, reputational, and professional damage.

## II.

## **RELEVANT BACKGROUND**

Jane Doe and the Defendant were involved in a romantic relationship. During this time, Defendant created several sexually explicit images and videos of Jane Doe which she reasonably understood would remain private. Defendant then shared these sexually explicit images and videos of Jane Doe to third parties without her knowledge or consent. As a direct result of these unauthorized disclosures, Jane Doe suffered a serious invasion of privacy and endured significant emotional distress.

Jane Doe initiated this lawsuit against the Defendant, asserting claims for: (1) nonconsensual disclosure of an intimate visual depiction under 15 U.S.C. § 6851, (2) unlawful disclosure of intimate visual material under Tex. Civ. Prac. & Rem. Code § 98B.001 et seq., and (3) invasion of privacy. Under 15 U.S.C. § 6851, which governs claims related to the nonconsensual disclosure of sexually explicit images, victims are explicitly permitted to proceed under a pseudonym to protect their privacy when filing such lawsuits.[1] This federal law specifically contemplates the need for privacy protections in revenge porn cases due to the intimate and personal nature of the information involved.[2] Plaintiff is entitled to this privacy protection.

---

[1] 15 U.S.C. § 6851(b)(3)(B) ("Preservation of anonymity. In ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym.").

[2] *Doe v. Ghiorso*, No. 2:24-cv-57, 2024 U.S. Dist. LEXIS 129923, at *3, 2024 WL 3511641 (S.D. Ga. July 23, 2024) ("Although general embarrassment ordinarily might not be sufficient to support anonymity, § 6851 plainly contemplates the need for anonymity during litigation when the plaintiff's intimate image is shared involuntarily.").

## III.

## ARGUMENT AND AUTHORITIES

### A. APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 10(a) generally requires that all parties in a lawsuit be named in the title of the complaint to ensure the transparency and openness of judicial proceedings.[3] However, in special cases, a Plaintiff may be permitted to proceed anonymously when prosecution of the suit would compel him to "disclose information of the utmost intimacy."[4] Courts have allowed plaintiffs to use pseudonyms where the issues "are matters of a sensitive and highly personal nature."[5] Generally, "the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter[,]'"[6] and there is "no hard and fast" formula when determining whether to allow a party to file anonymously.[7] The Fifth Circuit has enumerated three factors, as articulated in a 1981 case, *Doe v. Steagall*:

(1) whether the party seeking anonymity is challenging governmental activity,

(2) whether court proceedings would compel Plaintiff to disclose information of the utmost intimacy, and

---

[3] Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[4] *Doe v. Steagall*, 653 F.2d. 180, 185 (5th Cir. 1981) (citing *Southern Methodist Univ. Assn. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979)).

[5] *Wynne & Jaffe*, 599 F.2d at 712-13.

[6] *Id*.

[7] *Steagall*, 653 F.2d. at 186.

(3) whether the party would be compelled to admit her intention to engage in illegal conduct, thereby risking criminal prosecution.[8]

A party need not prove all three factors to proceed anonymously.[9] Furthermore, a court is not limited to a decision on just these three factors. In fact, courts must "consider the entirety of the circumstances all while balancing 'considerations calling for maintenance of a party's privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings.'"[10] Finally, a plaintiff should be permitted to proceed anonymously if Plaintiff's right to privacy outweighs the public's right to know his identity and if such filing will not unfairly prejudice the Defendant.[11]

Additionally, under 15 U.S.C. § 6851, which governs claims related to the nonconsensual disclosure of sexually explicit images, victims are explicitly permitted to proceed under a pseudonym to protect their privacy when filing such lawsuits.[12] This federal law specifically contemplates the need for privacy protections in revenge porn cases due to the intimate and personal nature of the information involved.[13]

---

[8] *Id.* at 185 (citing *Wynne & Jaffe*, 599 F.2d at 712-13).

[9] *See Doe v. Univ. of the Incarnate Word*, Civil Action No. SA-19-CV-957-XR, 2019 U.S. Dist. LEXIS 213223, at *6 n.1 (W.D. Tex. 2019).

[10] *Steagall*, 653 F.2d at 186.

[11] *See Roe v. Smith Cty.*, No. 2:18-cv-212-KS-MTP, 2018 U.S. Dist. LEXIS 207555, at *2-3 (S.D. Miss. 2018) ("The Court also finds that permitting Plaintiff to proceed under a pseudonym will not prejudice or pose a threat of unfairness to Defendants, and Plaintiff's right to privacy regarding these allegations outweighs the public's right to know her identity.").

[12] 15 U.S.C. § 6851(b)(3)(B) ("Preservation of anonymity. In ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym.").

[13] *Doe v. Ghiorso*, No. 2:24-cv-57, 2024 U.S. Dist. LEXIS 129923, at *3, 2024 WL 3511641 (S.D. Ga. July 23, 2024) ("Although general embarrassment ordinarily might not be sufficient to support anonymity, § 6851 plainly contemplates the need for anonymity during litigation when the plaintiff's intimate image is shared involuntarily.").

B.  **LEAVE SHOULD BE GRANTED HERE.**

1.  **Plaintiff's Claims Involve Information of the Utmost Intimacy.**

Of the three *Steagall* factors elicited above, only the second *Steagall* factor is applicable here—whether court proceedings would otherwise compel the party to disclose information of the utmost intimacy.[14] The very subject matter of Plaintiff's Original Complaint involves disclosure of personal, intimate material that was intended to remain private, warranting Plaintiff's anonymity. There are few things more intimate than a sexually explicit image or video of oneself, and both 15 U.S.C. § 6851 and the Texas Relationship Privacy Act even use the word "intimate" to define the sensitive material involved.[15] The especially intimate nature of the content is recognized in the Texas Penal Code, as it is illegal to share intimate visual material of a person without their consent.[16]

This case involves Defendant's transmitting sexually explicit images and videos of Plaintiff to third parties.[17] Plaintiff reasonably expected that these sexually explicit images and videos would remain private.[18] The sexually explicit images and videos were shared by Defendant without Plaintiff's consent.[19] On these facts alone, this Court can allow Plaintiff to proceed with

---

[14] *See Steagall,* 653 F.2d at 185 (citing *Wynne & Jaffe*, 599 F.2d at 712-13).

[15] 15 U.S.C. § 6851(a)(5) ("The term 'intimate visual depiction'—(A) means a visual depiction, as that term is defined in section 2256(5) of title 18, United States Code, that depicts— (i) the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual . . ."); Tex. Civ. Prac. & Rem. Code § 98B.001(2) ("'Intimate visual material' means visual material that depicts a person: (A) with the person's intimate parts exposed; or (B) engaged in sexual conduct.").

[16] *See* Tex. Penal Code § 21.16.

[17] *See* Plaintiff's Original Complaint at ¶¶ 28-32.

[18] *See* Affidavit of Jane Doe, *attached* as Exhibit A, at ¶¶ 5, 7, 8. Note, the unredacted version of this affidavit if filed under seal.

[19] *See Id.* at ¶ 20.

this lawsuit under a pseudonym. Plaintiff's privacy has already been invaded by Defendant's harmful actions. Now, to hold Defendant accountable for his actions, Plaintiff must bring this public lawsuit to assert his claims. Asking Plaintiff to put her full name into the public record would only further the Defendant's damage to Plaintiff's privacy, emotional health, and dignity.

Moreover, as 15 U.S.C. § 6851 specifically contemplates permitting revenge porn plaintiffs to proceed under a pseudonym, courts routinely permit victims of revenge porn appropriate leave.[20]

---

[20] *See, e.g., C.V. v. Carminucci*, No. 2:24-cv-2096 (JXN) (SDA), 2024 U.S. Dist. LEXIS 155350, at *5-6 (D.N.J. Aug. 28, 2024) ("Here, the Court finds good cause to allow Plaintiff to proceed under a pseudonym. First, Plaintiff's lawsuit seeks relief under 15 U.S.C. § 6851, which expressly provides that a plaintiff may proceed in litigation using a pseudonym. Second, even if the statute did not provide for such protection, the Court is also satisfied that … Factors weigh in favor of proceeding under a pseudonym."); *Doe v. Ghiorso*, No. 2:24-cv-57, 2024 U.S. Dist. LEXIS 129923, at *4, 2024 WL 3511641 (S.D. Ga. July 23, 2024) ("Disclosing Plaintiff's identity could link her to factual details about her intimate image and its unauthorized distribution, further threatening the rights § 6851 seeks to protect. Therefore, Plaintiff's substantial right to privacy outweighs the customary presumption she would proceed in her own name.") (citations omitted); *Doe v. Constant*, No. 24-554, 2024 U.S. Dist. LEXIS 130253, at. *1 n.3, 2024 WL 3512136 (W.D. La. July 23, 2024) ("Plaintiff has been allowed to pursue this action under a pseudonym as provided by 15 U.S.C. § 6851(b)(3)(B)."); *Doe v. Williams*, No. 3:24-CV-165-DPJ-ASH, 2024 U.S. Dist. LEXIS 96973, at *11-13, 2024 WL 2805642 (S.D. Miss. May 31, 2024) ("The Court has examined the few § 6851 cases addressing this issue, and none denied the request to proceed under a pseudonym. Section 6851's very purpose is to protect against one's intimate matters being publicized, meaning that 'revealing plaintiff's identity plainly will incur, and thus compound, the very harm [s]he already allegedly has suffered as a result of defendants' alleged disclosures.' And there is no evident public interest in knowing a § 6851 plaintiff's name.") (citations omitted); *Doe v. McCoy*, No. 1:23-cv-3169-MLB, 2024 U.S. Dist. LEXIS 33901, at *25-26, 2024 WL 843908 (N.D. Ga. Feb. 28, 2024) ("Disclosure of this information—and of Plaintiff's identity—would plainly compound the harm she has already purportedly suffered as result of Defendants' alleged conduct. Indeed, VAWRA seeks to protect significant privacy interests, and even provides for injunctive relief maintaining the plaintiff's confidentiality in the event his or her claim succeeds. 15 U.S.C. § 6851(b)(3)(B). And the Court cannot identify any significant public interest in knowledge of or access to Plaintiff's identity. So, the Court concludes Plaintiff's privacy right outweighs the presumption of public disclosure and allows Plaintiff to proceed using a pseudonym."); *Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 U.S. Dist. LEXIS 21835, at *9-10, 2024 WL 492231 (D. Ariz. Feb. 7, 2024) ("The Court finds it appropriate to allow Plaintiffs . . . to proceed under pseudonyms. For one, Plaintiffs seek relief under 15 U.S.C. § 6851, and that statute expressly provides that 'the court may grant injunctive relief maintaining the

### 2. Public Disclosure of Plaintiff's Identity Would Cause Further Harm.

If Plaintiff's identity were disclosed publicly, she would face an increased risk of further dissemination of the sexually explicit images and videos and exposure to additional embarrassment, harassment, and emotional distress.[21] In cases involving revenge porn, courts have recognized that victims face ongoing harm from the public disclosure of their identities, making it critical to protect their anonymity.[22]

### 3. Defendant Will Not Be Prejudiced by Plaintiff Proceeding Under a Pseudonym.

As Plaintiff will serve Defendant with the unredacted versions of the Affidavit of Jane Doe and the Affidavit of Kenton J. Hutcherson, Esq., which Plaintiff seeks to file under seal, Defendant will be fully aware of Plaintiff's identity and the allegations in this case. Allowing Plaintiff to proceed under a pseudonym will not impede Defendant's ability to defend against the claims, nor will it prejudice Defendant in any way.[23]

### 4. The Public Interest in Plaintiff's Identity is Minimal.

The public's interest in knowing Plaintiff's identity is outweighed by Plaintiff's right to privacy in this case.[24] Plaintiff is not a public figure, and this case does not involve any

---

confidentiality of a plaintiff using a pseudonym.' 15 U.S.C. § 6851(b)(3)(B). Second, preserving anonymity in this case outweighs any prejudice to [defendant] and the public's interest in knowing the parties' identities. This case involves highly sensitive and intimate details . . . Requiring disclosure of Plaintiffs' names is neither material to the case nor prejudicial to [defendant]."); *Doe v. Willis*, No. 23-cv-02171-REB-SBP, 2023 U.S. Dist. LEXIS 188787, at *2-3, 2023 WL 6907100 (D. Colo. Sept. 22, 2023) ("Plaintiff's claims involve matters of the most intimate and sensitive nature. There is no significant public interest in knowledge of or access to such matters. Moreover, revealing plaintiff's identity plainly will incur, and thus compound, the very harm he already allegedly has suffered as a result of defendants' alleged disclosures. . . . I thus conclude plaintiff should be permitted to proceed pseudonymously.").

[21] *See id.*

[22] *See id.*

[23] *See supra* n.11.

[24] *See supra* n.20.

---

governmental activity.  Additionally, the public interest is better served by allowing victims of revenge porn to seek justice without fear of further humiliation or harm.  Encouraging victims to pursue legal remedies without having to disclose their identities publicly supports the enforcement of privacy laws like 15 U.S.C. § 6851.

## IV.

## REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave for Plaintiff to proceed under the pseudonym "Jane Doe" in this action.  Plaintiff further requests that all filings and proceedings in this case refer to her by this pseudonym, and that any filings containing her personally identifiable information be redacted or filed under seal as necessary to protect her identity.  Plaintiff also requests any and all other relief to which she is entitled.

Respectfully submitted,

**HUTCHERSON LAW PLLC**

/s/ Kenton J. Hutcherson
Kenton J. Hutcherson, Esq.
Texas Bar No. 24050798
kjh@hutchersonlaw.com
Hutcherson Law PLLC
3400 Oak Grove Avenue, Suite 350
Dallas, Texas 75204
Tel: (214) 443-4200
Fax: (214) 443-4210

**ATTORNEY FOR PLAINTIFF**