IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. |
| NABIL ALAME, | § § § | |
| Defendant. | § | |

## AFFIDAVIT OF JANE DOE

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF DALLAS | § § |

Before me the undersigned authority, personally appeared ▮▮▮▮▮, who being duly sworn upon her oath, deposed and stated the following:

1. My name is ▮▮▮▮▮. I am the Plaintiff in this matter who appears under the pseudonym "Jane Doe." I am over the age of eighteen (18) years and I am competent to make this affidavit. All statements within this affidavit are within my express personal knowledge and are true and correct. If called to testify in court or other proceedings, I could and would give the following testimony.

2. Starting in September 2022, I began work as a waitress at a restaurant called The GOAT in Tulsa, Oklahoma.

3. Defendant Nabil Alame was a manager and co-owner of The GOAT.

4. In October 2022, Mr. Alame and I became romantically involved. Our relationship, marked by a significant power imbalance, enabled Mr. Alame to exploit me emotionally and otherwise throughout our time together.

5. On multiple occasions during our romantic relationship, Mr. Alame created sexually explicit images and videos of me, often when I was under the influence of alcohol or drugs. These recordings were taken under circumstances in which I did not fully comprehend the implications of their creation or potential misuse. Nevertheless, these sexually explicit images and videos were created under circumstances in which I reasonably expected that the images and videos would remain private. Specifically, these sexually explicit images and videos of me were created in the context of a private, consensual relationship with the understanding that the material would remain private.

6. On or about December 17, 2022, Mr. Alame coerced me, while I was intoxicated, into engaging in a degrading sexually explicit act where he forced me to drink his urine while I was naked. Mr. Alame recorded this incident on video. Mr. Alame forced me to watch this video.

7. At no point did I give Mr. Alame permission to disclose any sexually explicit images or videos of me to any third party. The sexually explicit images and videos were created in confidence and in the context of our romantic relationship.

8. Given the trusting and intimate nature of my relationship with Mr. Alame, when he created sexually explicit images and videos of myself, I reasonably expected Mr. Alame to keep the sexually explicit images and videos private. I never expected that Mr. Alame would share this sexually explicit material of me with any other person.

9. Attached as Exhibit A1 is a true and correct copy of a screenshot of a text message exchange between myself and Mr. Alame on October 30, 2023. In this text message exchange, I asked Mr. Alame to delete the intimate materials of me.

10. Attached as Exhibit A2 is a true and correct copy of a screenshot of a WhatsApp text message exchange between myself and Mr. Alame on October 30, 2023. In this WhatsApp text message exchange, I asked Mr. Alame to delete a sexually explicit image of me.

11. Attached as Exhibit A3 is a true and correct copy of a screenshot of a text message exchange between myself and Mr. Alame on November 5, 2023. Prior to this text message exchange, Mr. Alame told me that he would delete all of the sexually explicit images and videos of me. Thus, his statement, "I play games sometimes but by know you should know that if I say ima do something thats means I'll do it," I understood to mean that he followed through on his promise to delete all of the sexually explicit images and videos that he had of me.

12. Attached as Exhibit A4 is a true and correct copy of a screenshot of a text message exchange between myself and Mr. Alame on November 5, 2023. Prior to this text message exchange, Mr. Alame told me that he would delete all of the sexually explicit images and videos of me. Thus, his statement, "When you asked me to delete whatever was taken from my phone, that means I deleted it," I understood to mean that he followed through on his promise to delete all of the sexually explicit images and videos that he had of me.

13. I never consented to Mr. Alame's disclosure of any sexually explicit images or videos of me to any third party.

14. I know that the Tulsa, Oklahoma Police Department later confiscated Mr. Alame's cell phone as part of a police investigation.

15. Attached as Exhibit 5 is a true and correct copy of a screenshot of a text message exchange between myself and Sgt. Ryan Ver Meer of the Tulsa Police Department on July 26, 2024. I did not know that Mr. Alame had sent any sexually explicit images or videos of me to any third party until Sgt. Ver Meer told me via this text message exchange on July 26, 2024.

16. On or about February 9, 2024 I moved from Tulsa, Oklahoma to Dallas, Texas. I transferred from working as a waitress at The GOAT's Tulsa location to working as a waitress at The GOAT's new location in Dallas.

17. Mr. Alame moved from Tulsa, Oklahoma to Dallas, Texas on or about February 15, 2024. He transferred from working as a manager at The GOAT's location in Tulsa to working at The GOAT's new location in Dallas.

18. The consequences of Mr. Alame's actions have been devastating for me. I, who have struggled with depression for much of my life, experienced exacerbated mental health challenges as a direct result of Mr. Alame's conduct. The knowledge that my most private moments were unlawfully shared has caused me severe emotional distress, including recurring nightmares, heightened anxiety, and persistent fear that others around me may have seen the explicit material. Some of the nightmares I have experienced involve Mr. Alame killing me. The trauma from these events led me to discontinue therapy sessions, as revisiting the incidents triggered debilitating flashbacks and further emotional turmoil.

19. I am especially traumatized by knowing that Mr. Alame sent to a third party the sexually explicit video he created of me where he forced me to drink his urine.

20. Mr. Alame's actions constitute a deliberate and malicious invasion of my privacy, driven by intent to harm and exploit me. His nonconsensual dissemination of intimate visual depictions has inflicted irreparable harm on me, affecting my emotional well-being, personal dignity, and professional life.

21. Mr. Alame's disclosure of the sexually explicit images and videos of me to third parties has caused me severe emotional distress, humiliation, anxiety, and damage to my professional reputation.

22. I now live in constant fear that Mr. Alame may continue to disseminate the sexually explicit images and videos of me to other parties, further damaging my personal and professional life.

23. Mr. Alame's disclosure of the sexually explicit images and videos of me to third parties would be highly offensive to a reasonable person.

24. The fact that Mr. Alame sent the degrading sexually explicit video of me where he forced me to drink his urine adds to the offensiveness of Mr. Alame's intrusion.

25. As Mr. Alame disclosed my sexually explicit images and videos with the apparent attempt to harm me, I believe it is highly likely that Mr. Alame may continue to disclose the sexually explicit images and videos to other third parties, particularly if he learns of this lawsuit.

26. Due to the extremely sensitive nature of the sexually explicit images and videos, I have requested that certain documents in this case, including my affidavit, be filed under seal to protect my privacy. Public disclosure of my identity and the sexually explicit images and videos would cause further emotional distress, embarrassment, and reputational harm.

27. I have also sought permission from the Court to proceed under the pseudonym "Jane Doe" throughout this litigation. Given the intimate nature of the information involved and the significant harm I have already suffered, I believe that proceeding under my real name would further invade my privacy and subject me to additional humiliation and distress.

28. The need to protect my identity and the sensitive nature of this case outweighs the public's interest in knowing my real name. I have no objection to Mr. Alame knowing my true identity, but it is critical that my name not be publicly disclosed in order to prevent further harm.

29. I am seeking this Court's intervention to prevent Mr. Alame from causing any further harm by disseminating or displaying any sexually explicit images and videos of me without

my consent. Additionally, I respectfully request that the Court grant my motions to file documents under seal and to proceed under a pseudonym to protect my privacy in this highly sensitive matter.

This concludes my affidavit testimony.



SUBSCRIBED AND SWORN TO before me, the undersigned authority, this the 10th day of February 2025, to certify which witness my hand and seal of office.

EVA CHRISTINE LAREZ
Notary Public, State of Texas
Comm. Expires 07-29-2025
Notary ID 133240410

_____
Notary Public in and for the State of Texas
















