UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0329-B |
| | § | |
| NABIL ALAME, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jane Doe's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction (Doc. 5). For the following reasons, the Motion is **DENIED WITHOUT PREJUDICE**.

I.

BACKGROUND

This is a revenge porn case. Doe and Defendant Nabil Alame began a romantic relationship in October 2022, while Doe was working at a restaurant co-owned and managed by Alame. *Id.* ¶ 8; Doc. 5-1, Doe Affidavit, 1. Alame took sexually explicit images and videos of Doe during their relationship with her knowledge and consent. Doc. 1, Compl., ¶ 9. But in November 2023, Doe asked Alame to delete all the explicit pictures and videos of her in his possession. *Id.* ¶ 11; Doc. 5-1, Doe Affidavit, 3. He assured her that he complied. Doc. 1, Compl., ¶ 11.

But instead of deleting the pictures and videos, Alame sent them to third parties. Doc. 5-1, Doe Affidavit, 3. In July 2024, Doe learned from the police that Alame had sent explicit depictions of her to third parties on at least five separate occasions between November 2022 and February

2024. Doc. 1, Compl., ¶¶ 13–14. Doe did not consent to his sharing these materials. *Id.* ¶ 15.

Doe has suffered emotional distress, recurring nightmares, crying episodes, and fear that people she encounters might have seen the images or videos. *Id.* ¶ 18.

Doe alleges that Alame disseminated sexually explicit images and videos of Doe without her consent, in violation of 15 U.S.C. § 6851, Texas Civil Practice and Remedies Code § 98B.004, and a common law right to privacy. Doc. 1, Compl., ¶¶ 23–54. She now moves for an *ex parte* Temporary Restraining Order ("TRO") prohibiting Alame from directly or indirectly disclosing any sexually explicit images or videos depicting Jane Doe, continuing to display or disclose any sexually explicit images or videos of Jane Doe, destroying any evidence proving any prior disclosure, and disclosing Jane Doe's identity to anyone without permission from the Court. Doc. 5, Mot., 30. In the same Motion, she requests a Preliminary Injunction providing the same relief. *Id.* The Court considers her Motion below.

## II.

## LEGAL STANDARD

To be entitled to a temporary restraining order, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest." *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order . . . can be granted." *Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (quotations omitted). "[I]f a party fails to meet any of the four requirements, the court cannot

grant a TRO . . . ." *Jefferson v. Abbott*, No. 3:24-CV-3065-L-BN, 2024 WL 5202765, at *3 (N.D. Tex. Dec. 23, 2024) (Lindsay, J.)). Because a temporary restraining order is an "extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. . . . [a] denial of a temporary restraining order will be upheld where the movant fails to sufficiently establish any one of the four criteria." *Collins v. Nat'l Football League*, 566 F. Supp. 3d 586, 594 (E.D. Tex. 2021) (citations omitted).

If a plaintiff requests the court to issue a temporary restraining order *ex parte*—that is, without prior notice to the defendant—the plaintiff must satisfy two further requirements. First, the plaintiff must set forth "specific facts in . . . a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Second, "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B).

## III.

## ANALYSIS

The Court concludes that a temporary restraining order , *ex parte relief*, and a preliminary injunction are not warranted. First, Doe failed to establish that there is a substantial threat of irreparable harm if the TRO is not granted or that she will suffer immediate harm if Alame receives the opportunity to be heard to oppose her Motion. Second, her Counsel's Affidavit does not adequately explain why an *ex parte* TRO is proper. Third, because Doe does not satisfy the requirements for a TRO, the Court cannot grant a preliminary injunction. Therefore, Doe's Motion is **DENIED** without prejudice.

A.     *Doe Failed to Establish a Substantial Threat of Irreparable Harm.*

Because Doe does not establish a substantial threat of irreparable harm, a TRO is not warranted. An irreparable harm is one that cannot be remedied at law, for example, with monetary damages. *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). Courts "have considered the threat of further dissemination of sexually explicit images to constitute irreparable harm because of the images' uniquely sensitive nature." *Doe v. Serpa*, No. 3:25-cv-0057-x, 2025 WL 332555, at *3 (N.D. Tex. Jan. 29, 2025) (Starr, J.); *see Doe v. Constant*, No. 24-554, 2024 WL3512136, at *3 (W.D. La. July 23, 2024) (finding a plaintiff "demonstrated an immediate risk of irreparable harm in the absence of injunctive relief" because the defendant "pose[d] an imminent risk of dissemination of Plaintiff's intimate visual depictions").

First, Doe does not allege sufficient facts to establish that Alame still has access to the photographs and videos and thus fails to establish a substantial threat of irreparable harm. Doe alleges that she faces a substantial threat of irreparable harm because, absent a TRO, Alame will likely disseminate sexually explicit images and recordings of her. Doc. 5-1, Doe Affidavit, 5. While this may constitute a *possibility* of irreparable harm, it is insufficient to show a *substantial threat* of such a harm. Doe mentions multiple times that Alame's phone was confiscated by the police. Doc. 1, Compl., ¶ 12; Doc. 5-2, Hutcherson Affidavit, 2. Doe does not indicate whether police have returned the phone to Alame or whether he can access the images and videos without his phone. Without a clear allegation that Alame continues to have access to the explicit images, the Court cannot find a substantial threat of irreparable harm.

Second, the last time Doe alleges Alame disclosed a sexually explicit depiction of her was over a year ago. *See* Doc. 1, Compl., ¶ 14. While she alleges that a year elapsed between other

instances of his disclosure of the images, the Court needs additional information about the prior disclosures or likelihood of future disclosures to determine whether there is a substantial threat that Alame will disclose the depictions again. Doc. 5-2, Hutcherson Affidavit, 2. Absent a showing that future disclosure is likely, there is no substantial threat of irreparable harm because "all of the events complained of took place . . . twelve months ago, and no explanation for the delay in seeking injunctive relief is included in the affidavit." *Jefferson*, 2024 WL 5202765, at *3.

Because Doe has failed to establish a substantial threat of irreparable harm, a TRO is not warranted.

B.   *Doe Fails to Establish That an Ex Parte TRO Is Warranted.*

Next, Doe fails to establish that *ex parte* relief is proper. The Court may issue an *ex parte* TRO only if a plaintiff alleges "specific facts in an affidavit or verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition," and if the plaintiff's attorney certifies "the reasons why [notice to the adverse party] should not be required." FED. R. CIV. P. 65(b)(1)(A)–(B).

First, Doe does not allege facts indicating that Alame will share the explicit depictions of her if he learns of this lawsuit before the Court issues a TRO. *See* FED. R. CIV. P. 65(b)(1)(A). *Cf. Doe v. Unknown Party*, No. CV-24-00252, 2024 WL 492231, at *3 (D. Ariz., Feb. 7, 2024) ("[B]ecause the Verified Complaint supports that [defendant] has a pattern and practice of retaliating against Plaintiffs, there is a substantial risk that [defendant] will retaliate against Plaintiffs by making further disclosures once he is served and put on notice of this case.").

Second, Doe's Counsel fails to adequately certify why the Court should provide *ex parte* relief. Doe's Counsel certifies that notice should not be required because Alame failed to respond to a

letter where Doe's Counsel asked Alame to confirm that he "would no longer disclose or distribute sexually explicit images and videos of Jane Doe." Doc. 5-2, Hutcherson Affidavit, 3. And Doe's Counsel says that "Alame has already demonstrated his willingness to maliciously disclose Jane Doe's sexually explicit images and videos," including a particularly degrading video, which indicates Alame's intent to harm Doe. *Id.* Thus, Counsel believes that if Alame learns of this lawsuit before the Court issues a TRO, then Alame may "further disseminate or destroy evidence." *Id.*

Without more, the Court cannot properly grant *ex parte* relief because the facts alleged do not support the risks suggested by Doe's Counsel. There is no indication that Alame has disclosed any of the materials at issue since February 2024. Doc. 5, Mot., 4; Doc. 5-2, Hutcherson Affidavit, 2. Neither Doe nor her Counsel alleged that Alame's prior disclosures were made in retaliation for another act on Doe's part, which could create an inference that he might make further retaliatory disclosures upon learning of this lawsuit. *See Unknown Party*, 2024 WL 492231, at *3 (granting *ex parte* relief because plaintiffs alleged defendant retaliated in the past). Thus, an *ex parte* TRO is not proper.

C.  *Doe's Motion for a Preliminary Injunction Is Denied.*

Because Doe does not show a substantial threat of irreparable harm, her Motion for a Preliminary Injunction is also denied. *See May v. Wells Fargo Home Mortg.*, No. 3:12-CV-4597-D, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013) (Fitzwater, C.J.) ("A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief, and requires the party seeking such relief to establish the same four elements for obtaining a preliminary injunction." (quotations omitted)).

## IV.

## CONCLUSION

The Court **DENIES** Doe's Motion **WITHOUT PREJUDICE**. Should Doe wish to amend and refile, she must do so on or before **Thursday, February 20, 2025**.

**SO ORDERED.**

**SIGNED: February 12, 2025**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE