UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0329-B |
| | § | |
| NABIL ALAME, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jane Doe's Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction (Doc. 9). For the following reasons, the Court **GRANTS IN PART** the Motion.

### I.

### BACKGROUND

This is a revenge porn case. Doe and Defendant Nabil Alame began a romantic relationship in October 2022, while Doe was working at a restaurant co-owned and managed by Alame. *Id.* ¶ 8; Doc. 5-1, Doe Affidavit, 1. Alame took sexually explicit images and videos of Doe during their relationship with her knowledge and consent. Doc. 1, Compl., ¶ 9. But in November 2023, Doe asked Alame to delete all the explicit pictures and videos of her in his possession. *Id.* ¶ 11; Doc. 5-1, Doe Affidavit, 3. He assured her that he complied. Doc. 1, Compl., ¶ 11.

Instead of deleting the pictures and videos, though, Alame sent them to third parties. Doc. 5-1, Doe Affidavit, 3. In July 2024, Doe learned from the police that Alame had sent explicit depictions of her to third parties on at least five separate occasions between November 2022 and

February 2024. Doc. 1, Compl., ¶¶ 13–14. Doe did not consent to his sharing these materials. *Id.* ¶ 15.

Police confiscated Alame's phone when he was arrested on April 11, 2024. Doc. 9, Am. Mot., 3. After the charges were dismissed on September 30, 2024, he received his phone back, and he now has access to any sexually explicit depictions that are stored there. *Id.*

Doe has suffered emotional distress, recurring nightmares, crying episodes, and fear that people she encounters might have seen the images or videos. *Id.* ¶ 18.

Doe alleges that Alame disseminated sexually explicit images and videos of her without her consent, in violation of 15 U.S.C. § 6851, Texas Civil Practice and Remedies Code § 98B.004, and a common law right to privacy. Doc. 1, Compl., ¶¶ 23–54. She now moves for an *ex parte* Temporary Restraining Order ("TRO") prohibiting Alame from directly or indirectly disclosing any sexually explicit images or videos depicting Jane Doe, continuing to display or disclose any sexually explicit images or videos of Jane Doe, destroying any evidence proving any prior disclosure, and disclosing Jane Doe's identity to anyone without permission from the Court. Doc. 9, Mot., 6–7. In the same Motion, she requests a Preliminary Injunction providing the same relief. *Id.* at 7. Doe previously filed a motion for the same relief, which the Court denied without prejudice. *See* Doc. 8, Mem. Op. & Order, 7. In Doe's Amended Motion (Doc. 9), she incorporates her previous Motion (Doc. 5) by reference. Doc. 9, Am. Mot., 1. The Court considers Doe's Amended Motion below.

## II.

## LEGAL STANDARD

To be entitled to a temporary restraining order, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is

not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest." *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order . . . can be granted." *Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (quotations omitted). "[I]f a party fails to meet any of the four requirements, the court cannot grant a TRO . . . ." *Jefferson v. Abbott*, No. 3:24-CV-3065-L-BN, 2024 WL 5202765, at *3 (N.D. Tex. Dec. 23, 2024) (Lindsay, J.).

If a movant requests the court to issue a temporary restraining order *ex parte*—that is, without prior notice to the defendant—the movant must satisfy two further requirements. First, the movant must set forth "specific facts in an affidavit . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Second, "the movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B).

### III.

### ANALYSIS

The Court concludes that a temporary restraining order is warranted. Doe demonstrates: (1) a substantial likelihood of success on the merits of her claim under 15 U.S.C. § 6851; (2) that she will suffer irreparable harm absent a TRO; (3) that the balance of the harms weighs in her favor; and (4) that the issuance of a TRO is not against the public interest. Furthermore, she has shown *ex parte* relief is proper. Accordingly, Doe's Motion is **GRANTED** with respect to an *ex parte* temporary restraining order. The Court will rule on Doe's Motion for a Preliminary Injunction at a later date.

A.  *Doe Will Likely Succeed on the Merits.*

Doe has demonstrated a substantial likelihood of success on the merits. She sues Alame under 15 U.S.C. § 6851, Texas Civil Practice and Remedies Code chapter 98B, and a common law right to privacy. Doc. 1, Compl., ¶¶ 23–54. To show that she is likely to succeed on the merits, Doe must establish a prima facie case. *Janvey v. Alguire*, 647 F.3d 585, 595–96 (5th Cir. 2011) (citations omitted). But she "need not show that [s]he is certain to win." *Id.* (quotations omitted). Neither must she show she is likely to succeed on every claim—one is enough. *See Doe v. Serpa*, No. 3:25-CV-0057-X, 2025 WL 332555, at *2–*3 (N.D. Tex. Jan. 29, 2025) (Starr, J.) (granting a preliminary injunction after finding plaintiff as likely to succeed on one of several claims she brought); *see also CityPure, L.L.C. v. Int'l Olympic Comm.*, No. 4:24-CV-02723, 2024 WL 4905986, at *3 (S.D. Tex. Nov. 27, 2024).

Doe first brings a claim under 15 U.S.C. § 6851, which provides that:

> [1] an individual whose intimate visual depiction [2] is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, [3] without the consent of the individual, [4] where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief.

15 U.S.C. § 6851(b)(1)(A).

Doe has alleged a prima facie case under § 6851. First, she alleges that an intimate visual depiction of her was disclosed. An "intimate visual depiction" is one that shows "the uncovered genitals . . . or post-pubescent female nipple of an identifiable individual," among other things. *Id.* § 6851(a)(5)(A)(i). Doe alleges that Alame recorded an "intimate visual depiction" of her by "creat[ing] sexually explicit images and videos" of her, including a video of her "engaging in a degrading sexually explicit act . . . while [she] was naked." Doc. 5-1, Doe Affidavit, 2. In these

-4-

depictions, Doe is identifiable "because her face is clearly visible." Doc. 5, Mot., 12. Thus, Doe alleges the first element of her prima facie case.

Second, she alleges that Alame disclosed these depictions in interstate commerce. Doc. 5-1, Doe Affidavit, 4–5. He sent the photos electronically, including through WhatsApp. Doc. 5, Mot., 12. The "transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce." *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002) (citation omitted). Accordingly, by sending the images electronically, including through an internet app—WhatsApp—Alame disclosed the depictions in interstate commerce. *See Serpa*, 2025 WL 332555, at *3. Doe thus alleges the second element.

Third, Doe alleges that Alame disclosed intimate depictions of her without her consent. She says she never gave him permission to disclose them. Doc. 5-1, Doe Affidavit, 2. She also asked him to delete his pictures and videos of her, which indicates she did not want him to disclose them to others. *See id.* at 3, 8, 10. And she told an officer investigating Alame that she did not give him permission to share sexually explicit photos of her. *Id.* at 11. Doe thus alleged the third element.

Fourth, Doe alleges that Alame's disclosure of her sexually explicit depictions were made with knowledge or reckless disregard of her nonconsent. In screenshots of her text messages with Alame, she tells him to delete a sexually explicit image of her. *Id.* at 3, 8. He later told her that "he would delete all of the sexually explicit images and videos of [her]," and in a text message said, "When you asked me to delete whatever was taken from my phone, that means I deleted it." *Id.* at 3, 10. Because Alame knew Doe wanted him to delete the images, the Court finds that Doe alleged that he disclosed them with at least a reckless disregard of her nonconsent. Accordingly, Doe has

demonstrated a likelihood of success on the merits.

B.   *There is a Substantial Threat of Irreparable Harm.*

Doe next establishes that, absent a TRO, there is a substantial likelihood that she will suffer irreparable harm. An irreparable harm is one that cannot be remedied at law, for example, with monetary damages. *Janvey*, 647 F.3d at 600. Courts around the country "have considered the threat of further dissemination of sexually explicit images to constitute irreparable harm because of the images' uniquely sensitive nature." *Serpa*, 2025 WL 332555, at *3; *see Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 WL 492231, at *3 (D. Ariz. Feb. 7, 2024) ("The harms Plaintiffs allege from these disclosures [of their intimate visual depictions]—such as emotional distress—are the type of harms that lack an adequate legal remedy."); *Doe v. Constant*, No. 24-554, 2024 WL 2512136, at *3 (W.D. La. July 23, 2024) (finding a plaintiff "demonstrated an immediate risk of irreparable harm in the absence of injunctive relief" because defendant's behavior showed that he "pose[d] an imminent risk of dissemination of Plaintiff's intimate visual depictions").

Doe has shown a substantial threat of irreparable harm absent a TRO because she has established that it is likely that Alame will continue to disseminate sexually explicit images of her. *See Serpa*, 2025 WL 332555, at *3. She suffered significant harm from Alame's prior disclosures, including severe emotional distress, recurring nightmares, crying, fear that people she encounters have seen the explicit images of her, anxiety, humiliation, and exacerbated depression. Doc. 1, Compl., ¶¶ 18–19. She sought therapy for these harms but stopped attending because recounting "the events triggered flashbacks, anxiety, and nightmares." *Id.* ¶ 20. Doe is aware of at least five times that Alame shared explicit images of her with others. *Id.* ¶¶ 13–14. And although the last time Doe is certain that Alame shared these images was in February 2024, *id.*, Alame's phone was confiscated

from April 2024 through at least September 2024, making it likely that he could not access the photos for five months of the year. Doc. 9, Am. Mot., 3.[1] Police returned Alame's phone to him soon after September 30, 2024, *id.* at 3, meaning he again has access to the explicit images and videos of Doe. *Id.* at 4. Thus, it is possible that Alame will continue to share them absent a TRO. Because the dissemination of Doe's sexually explicit images constitutes an irreparable harm, *see Serpa*, 2025 WL 332555, at *3, and the Court finds that Alame could disseminate these images again, this element is met.

C.   *Doe's Threatened Injury Outweighs Any Harm a TRO Would Cause Alame.*

The Court next finds that a TRO is warranted because Doe's threatened injury absent a TRO outweighs any harm that the TRO would cause Alame. Doe seeks to restrain Alame from further disclosing sexually explicit images and videos of her. And restraining this conduct would only require Alame to comply with the law. *See Serpa*, 2025 WL 332555, at *3. The harm that Doe would suffer from further dissemination of sexually explicit images of her outweighs any potential harm that Alame would suffer from a Court order requiring him to comply with the law.

D.   *A TRO Would Not Undermine the Public Interest.*

The public interest is not undermined by restraining Alame from disseminating sexually explicit images of Doe without her consent. The Court cannot conceive of any public interest in allowing Alame to continue disseminating these images. Instead, granting the TRO will help ensure that the law is upheld and that other internet users do not receive images in violation of a federal statute. *See* 15 U.S.C. § 6851(b)(1)(A). Furthermore, the statute that Doe sues under explicitly

---

[1] Doe supports this with an affidavit recounting a discussion with a sergeant who investigated Alame. *Id.* The Court notes that such an affidavit would not be admissible at a preliminary injunction hearing to establish that Alame has access to the phone such that he can threaten future, irreparable harm.

contemplates relief in the form of TRO. *Id.* § 6851(b)(3)(A)(ii). Granting this TRO would not undermine the public interest.

E.    *An Ex Parte TRO Is Proper.*

Lastly, the Court finds *ex parte* relief proper. Because Doe requested an *ex parte* TRO, she had to meet two additional requirements. First, Doe had to set forth specific facts in an affidavit showing immediate and irreparable harm would result if Alame could be heard to oppose the TRO. FED. R. CIV. P. 65(b)(1)(A). Second, her attorney had to certify efforts to notify Alame of the Motion and why Alame should not be notified. FED. R. CIV. P. 65(b)(1)(B).

Doe has satisfied each of these requirements. First, she provided an affidavit describing the harm she suffered from Alame's prior dissemination of the photos and videos. *See* Doc. 5-1, Doe Affidavit. It has exacerbated her existing depression, caused recurring nightmares, anxiety, and a "persistent fear that others around [her] may have seen the explicit material." *Id.* at 4. She is "especially traumatized" because Alame shared a degrading video of her performing sexual acts while she was intoxicated. *Id.* The sergeant who conducted an extensive investigation of Alame said that "Alame has exhibited retaliatory behavior in prior incidents and generally has a retaliatory nature." Doc. 9, Am. Mot., 3. Thus, the Court finds that Alame, if given notice of Doe's Motion before he is heard in opposition, could retaliate by further disseminating the explicit images of Doe, causing her irreparable harm. Doe has thus set forth specific facts showing how immediate and irreparable harm will result before Alame can be heard in opposition. FED. R. CIV. P. 65(b)(1)(A).

Second, Doe's attorney, Kenton Hutcherson, provided a signed affidavit attesting that he has made no efforts to notify Alame of this Motion or this lawsuit other than sending a cease-and-desist letter in November 2024. Doc. 5-2, Hutcherson Affidavit, 3. Instead, Hutcherson explains

why notice should not be required. Hutcherson attests that multiple women interviewed as part of an investigation of Alame shared that Alame has retaliated against them in the past. Doc. 9-1, Second Hutcherson Affidavit, 2. Because Alame has a history of retaliation, the Court finds *ex parte* relief is appropriate.

F.   *No Bond Is Required.*

Finally, the Court waives the bond. When a court issues a TRO, the movant must "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). Courts may deem no security to be proper. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). Because this Order only requires that Alame abide by the law, the risk of harm to Alame is low. The Court therefore finds it proper to require no security from Doe.

## IV.

## CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Doe's Motion. Alame is **RESTRAINED** from directly or indirectly disclosing any sexually explicit images or videos depicting Doe; continuing to display or disclose any sexually explicit images or videos of Doe; destroying any evidence proving any prior disclosure; and disclosing Doe's identity to anyone without permission from the Court.

Further, the Court **ORDERS** Doe to serve her complaint, *ex parte* application for restraining order, and this Court's Order to Alame within 48 hours of the date of this Order. Doe must file proof of service with the Court. Failure to meet this deadline may result in a change to the briefing schedule described below.

The Court **ORDERS** an expedited briefings schedule on the merits of a preliminary injunction. Defendant's response to Doe's Motion for Preliminary Injunction is due no later than **March 4, 2025**. Plaintiff's Reply is due **March 6, 2025**. The Court **ORDERS** Defendant and Plaintiff to appear for a hearing on **March 10, 2025, at 2:00 P.M.**, in the U.S. Courthouse, Courtroom 1516, 1100 Commerce Street, Dallas, TX 75242–1310.

The Court **ORDERS** the Plaintiff to file either an unredacted version of her *ex parte* Motions for Temporary Restraining Order (Doc. 5; Doc. 9) or to file redacted versions that satisfy the Fifth Circuit Court of Appeals' sealing standards and file a sealing motion. Specifically, if Plaintiff wishes to file redacted versions, she must (1) identify precisely which information, pages, and lines of the document she wants sealed; and (2) explain why the risks of disclosure outweigh the public's right to know the information. *See June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) ("To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure.").

All relief in this temporary order for injunctive relief expires on **March 10, 2025, at 5:00 pm** central standard time.

The Court files this Order provisionally under seal and **ORDERS** any party claiming a line should be redacted from the public docket to file a motion with a supporting declaration **within seven days**. Otherwise, the Order will be unsealed.

**SO ORDERED.**

SIGNED: February 24, 2025.

                                                        _____
                                                        JANE J. BOYLE
                                                        UNITED STATES DISTRICT JUDGE