UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0329-B |
| | § | |
| NABIL ALAME, | § | |
| | § | |
| Defendant. | § | |

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER TO MARCH 24, 2025

Before the Court is Plaintiff Jane Doe's Motion to Extend the *Ex Parte* Temporary Restraining Order (Doc. 15). On February 24, 2025, the Court granted Doe's Motion for *Ex Parte* Temporary Restraining Order. Doc. 10, Mem. Op. & Order, 9. The Court ordered Doe to serve Defendant Nabil Alame by February 26, 2025. *Id.* The Court later extended the deadline to serve Alame until February 28, 2025. Doc. 12, Order. On March 3, 2024, the Court ordered Doe to show cause why Alame had not been served. Doc. 13, Order, 1. On March 4, 2024, Doe moved to extend the TRO because Doe has been unable to serve Alame. Doc. 15, Mot., 3. For the following reasons, the Court **GRANTS** the Motion.

Federal Rule of Civil Procedure 65(b)(2) provides that a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." "Courts have found good cause to extend TROs, for example, where the court needed time to fully consider the various arguments and motions of the parties . . . and where the moving party was continuing to attempt to serve the defendants . . . ." *Sec. & Exch. Comm'n v. AriseBank*, No. 3:18-CV-

186-M, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018) (Lynn, C.J.) (collecting cases).

Here, the Court finds good cause exists to extend the TRO. Doe has made diligent efforts to serve Alame but has been unable to complete service because he recently moved. Doc. 15, Mot., 3; Doc. 15-1, Affidavit, 2. Doe first attempted to serve Alame on February 24, 2025. Doc. 14, Resp., 2. When Doe learned that Alame had moved, she retained a private investigator. *Id.* at 3. But the private investigator could not begin looking for Alame until March 3, 2025. Doc. 15-4, Hutcherson Affidavit, 2. The investigator has not found a new address for Alame, but she found the addresses of Alame's relatives. Doc. 14, Resp., 3. Doe intends to attempt to complete service at these addresses or ask Alame's relatives for his current address. *Id.* Thus, good cause exists to extend the TRO so that Alame may be served. *See AriseBank*, 2018 WL 10419828, at *1.

Accordingly, Doe's Motion is **GRANTED**. The Court extends the TRO until **March 24, 2025**. The Court **ORDERS** Doe to serve her complaint, *ex parte* application for restraining order and motion for preliminary injunction, and the TRO to Alame on or before **March 11, 2025**. Doe must file proof of service with the Court.

The Court **ORDERS** an expedited briefings schedule on the merits of a preliminary injunction. Alame's response to Doe's Motion for Preliminary Injunction is due no later than **March 18, 2025**. Doe's Reply is due **March 19, 2025**. The Court **ORDERS** Alame and Doe to appear for a hearing on **March 21, 2025, at 11:00 A.M.**, in the U.S. Courthouse, Courtroom 1516, 1100 Commerce Street, Dallas, TX 75242–1310. **No further extensions to the TRO, service deadline, briefing schedule, or hearing date will be granted.**

SO ORDERED.

SIGNED: March 5, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE