UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0329-B |
| | § | |
| NABIL ALAME, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Jane Doe's Motion for Leave to Proceed Under a Pseudonym (Doc. 4). For the following reasons, the Court **GRANTS** the Motion.

Doe brings a revenge porn case against Defendant Nabil Alame, alleging that Alame disseminated sexually explicit images and videos of her without her consent, in violation of 15 U.S.C. § 6851, Texas Civil Practice and Remedies Code § 98B.004, and a common law right to privacy. Doc. 1, Compl., ¶¶ 23–54. The Court granted an *ex parte* Temporary Restraining Order on February 24, 2025, and it details the facts there. *See* Doc. 10, Mem. Op. & Order. Doe requests that she be allowed to proceed under a pseudonym. Doc. 4, Mot.

Federal Rule of Civil Procedure 10(a) requires "the complaint [to] name all the parties." "The decision [to allow a party to proceed anonymously] requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). But there is "no hard and fast formula." *Id.* The Fifth Circuit has identified three non-exhaustive factors to guide courts in this analysis: (1) whether the lawsuit is "challenging governmental

activity;" (2) whether the lawsuit will require the party to disclose "information of the utmost intimacy;" and (3) whether the party will be compelled to admit their "intention to engage in illegal conduct." *Id.* at 185. Courts also consider other factors such as "potential threats of violence" and any "prejudicial impact" the non-moving party would suffer should the moving party be allowed to proceed under a pseudonym. *Doe v. Compact Info. Sys., Inc.*, No. 3:13-CV-5013-M, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (Ramirez, M.J.) (citations omitted).

Here, the Court finds it proper for Doe to proceed under a pseudonym. Doe does not challenge governmental activity. Neither does the Court find that Doe will be compelled to admit an intention to engage in illegal conduct. But the lawsuit would require Doe to disclose information of the utmost intimacy. *Stegall*, 653 F.2d at 186. Doe alleges that Alame took pictures and videos of her during intimate sexual moments, including ones in which she was intoxicated and forced to "engag[e] in a degrading sexually explicit act . . . while [she] was naked." Doc. 5-1, Doe Affidavit, 2. Furthermore, the statute Doe sues under creates a cause of action for sharing "intimate visual depictions" of another person without their consent. *See* 15 U.S.C. § 6851(a)(3). And the statute provides that "the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B). The Court finds that this lawsuit concerns information of the utmost intimacy.

Furthermore, as the Court found when it granted an *Ex Parte* Temporary Restraining Order, Doe appropriately fears retaliation for filing this lawsuit. *See* Doc. 10, Mem. Op. & Order, 8–9; *see also Doe v. Trustees of Socorro Indep. Sch. Dist.*, No. EP-18-CV-00162-FM, 2018 WL 11471569, at *2 (W.D. Tex. June 25, 2018) (citing *Stegall*, 653 F.2d at 186). A well-founded fear of retaliation can

warrant proceeding under a pseudonym. *See Trustees of Socorro Indep. Sch. Dist.*, 2018 WL 11471569, at *2.

Based on the intimate nature of the material that is at issue in this lawsuit, the likelihood that Alame knows of Doe's identity and the facts at issue, and the fact that Doe is not a public figure or challenging governmental activity, the Court finds that "preserving anonymity in this case outweighs any prejudice to [Alame] and the public's interest in knowing [Doe's] identit[y]." *Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 WL 492231, at *3 (D. Ariz. Feb. 7, 2024).

Accordingly, Doe's Motion for Leave to Proceed Under a Pseudonym (Doc. 4) is **GRANTED**. The Court **ORDERS** the Parties to use Doe's pseudonym in all filings.

**SO ORDERED.**

**SIGNED: March 12, 2025.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE